## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

William A. Cudd, #280216,    )
                              )       C/A No. 0:08-2421-RBH-PJG
           Petitioner,    )
                              )
vs.                       )       **ORDER AND**
                              )   **REPORT AND RECOMMENDATION**
Jon Ozmint, Director; South Carolina   )
Department of Corrections; Custodian   )
Union County Detention Center;   )
                              )
         Respondents.    )
_____)

This habeas corpus matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on the respondents' motion for summary judgment (Docket Entry 23). The petitioner, William A. Cudd ("Cudd"), a self-represented state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The respondents filed a motion for summary judgment. (Docket Entry 23.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised the petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (Docket Entry 25.) Following an extension of time, Cudd filed a response in opposition to the respondents' motion. (Docket Entry 33.) In addition, on January 29, 2009, Cudd filed a motion in which he appears to request an additional 30 days to file objections to the court's report and recommendation on the respondents' motion. (Docket Entry 36.) These motions are now before the court for a ruling and a Report and Recommendation.

## BACKGROUND

Cudd was indicted in Dorchester County for manufacturing marijuana (01-GS-18-0741). (App. at 157-59, Docket Entry 24-4 at 30-32.) Cudd was represented by Richard W. Strobel,

Esquire, and on December 3, 2001, waived his right to a jury trial and pled guilty as charged.[1] (App. at 1-15, Docket Entry 24-2 at 3-15.) Because this was Cudd's third drug-related offense, the circuit court sentenced Cudd to fifteen years' imprisonment. (App. at 4-5, 13-14, Docket Entry 24-2 at 6-7, 15-16.) Cudd did not file a direct appeal.

Cudd filed a *pro se* application for post-conviction relief ("PCR") on November 27, 2002. (Cudd v. State of South Carolina, 02-CP-18-1898, App. at 16-19, Docket Entry 24-2 at 18-21.) Although the copy of this document included in the Appendix is difficult to decipher, it appears that Cudd alleges that he relied on the fact that his sentence would be treated as a non-violent offense and on the information provided by his attorney, the solicitor, and the court in deciding to plead guilty. (App. at 17, Docket Entry 24-2 at 19.) The State filed a Return on March 17, 2005. (App. at 20-23, Docket Entry 24-2 at 22-25.) Cudd filed an amended *pro se* application on April 15, 2005, in which he raised the following issues:

I.  Sixth and fourteenth amendment claims based on the ineffective assistance of counsel
    1.  Incorrect advice as to parole and max-out information
    2.  Counsel did not object to the trial court's failure to enumerate the elements of the charged offense
    3.  Counsel did not object to the court's failure to establish a basis for the guilty plea
    4.  Counsel did not object to the trial court's failure to require the judge to enumerate the statutory maximum and minimum punishment

II. Counsel failed to conduct an adequate pre-trial investigation, thereby denying Cudd his sixth and fourteenth amendment rights to the effective assistance of counsel
    1.  Counsel failed to investigate Cudd's 4th Amendment claim against unreasonable searches and seizures, or to seek a suppression hearing on Cudd's 4th Amendment claim
    2.  Counsel failed to investigate available mitigating character evidence

---

[1] James Wright ("Wright") was Cudd's co-defendant. Wright was indicted and pled guilty to similar charges. Wright, who had no prior criminal record, was apparently sentenced to five years' imprisonment for manufacturing marijuana.

III. Sixth amendment right counsel claim based on counsel's conflict of interest in duel [sic] representation of co-defendants

IV. Sentencing court lacked subject matter jurisdiction to sentence Cudd as a third offender under S.C. Code Ann. § 44-53-370(B)(2).

(Docket Entry 24-8.)

On January 18, 2006, the PCR court held an evidentiary hearing at which Cudd was present and testified and was represented by Michael MacKinnon, Esquire. (App. at 25-134, Docket Entry 24-2 at 27 through Docket Entry 24-4 at 7.) After the hearing, Cudd's counsel submitted a memorandum in support of his PCR application. (Docket Entry 24-8.)

The PCR court dismissed Cudd's application on May 25, 2006. (App. at 135-45, Docket Entry 24-4 at 8-18.) On June 8, 2006, Cudd moved to reconsider pursuant to Rule 59 of the South Carolina Rules of Civil Procedure, alleging that the order contained factual information that was incorrect. (App. at 146-50, Docket Entry 24-4 at 19-23.) The State filed a return and motion to dismiss on June 15, 2006. (App. at 151-52, Docket Entry 24-4 at 24-25.) The PCR court denied Cudd's motion in an order filed June 22, 2006. (App. at 154, Docket Entry 24-4 at 27.)

Cudd timely filed a Notice of Appeal. On appeal, Cudd was represented by Robert M. Pachak, Esquire, of the South Carolina Commission on Indigent Defense, Division of Appellate Defense. On October 9, 2006, Pachak filed a Johnson[2] Petition for Writ of Certiorari and Petition to be Relieved as Counsel in which he presented the following issue:

---

[2] Johnson v. State, 364 S.E.2d 201 (S.C. 1988) (applying the factors in Anders v. California, 386 U.S. 738 (1967) to post-conviction appeals). Anders requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal; furnish a copy of that brief to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited. Anders, 386 U.S. at 744.

Whether defense counsel was ineffective in misadvising petitioner about parole eligibility?

(Docket Entry 24-10 at 3.)  In addition, Cudd filed a *Pro se* Johnson Petition for Writ of Certiorari.

in which he asserted the following arguments:

I.     The Post-Conviction court erred to rule that counsel was not ineffective when he failed to challenge the warrantles [sic] search of the Petitioner's residence and seizure of evidence, because Petitioner had standing to make such a challenge and the police lacked probable cause and exigent circumstances to conduct a warrantless search and seizure.

II.    The Post-Conviction court erred to rule that a conflict of intere[s]t did not exist by trial counsel's joint representation of Petitioner and his co-defendant, when counsel was representing competing interests, and counsel's representation had an adverse effect on Petitioner's defense.

III.   The Post-Conviction court erred to rule that trial counsel rendered constitutionally adequate representation when counsel gave erroneous parole advice, and failed to require the trial court to stipulate the minimum and maximum sentence range, enumerate the crucial elements of the charged offense, or establish a factual basis for the guilty plea.

IV.    The Post-Conviction court erred to deny Petitioner's motion under Rule 59(e), SCRCP, to correct the defective order of dismissal, when the order was shown to contain factual errors and failed to reach required factual and legal conclusions.

(Docket Entry 24-11 at 2.)  The State filed a letter return on October 10, 2006.  (Docket Entry 24-13.)  In an order dated October 30, 2007, the South Carolina Supreme Court directed the parties to address the following question:

Did the post-conviction relief(PCR) judge err in finding plea counsel's conflict of interest did not render petitioner's plea involuntary?

(Docket Entry 24-14.)  Counsel for Cudd filed a petition for a writ of certiorari on November 29, 2007, arguing the presented question in the affirmative.  (Docket Entry 24-15.)  The State filed a return on April 30, 2008.  (Docket Entry 24-16.)  The South Carolina Supreme Court denied Cudd's

petition in an order dated June 12, 2008 (Docket Entry 24-17),  and issued a remittitur on June 30,

2008 (Docket Entry 24-18).

In Cudd's federal petition for a writ of habeas corpus, he raises the following issues:

**Ground One:**  My Sixth Amendment right to the effective assistance of counsel was denied, rendering my custody unlawful, and in violation of the U.S. Constitution.
> **Supporting Facts:**  Counsel Strobel was ineffective in that:  (1) Counsel failed to challenge the evidence through a suppression action; (2) Counsel failed to investigate the facts surrounding the police' [sic] warrantless search and seizure of evidence from my dwelling.

**Ground Two:**  My Sixth and Fourteen[th] Amendment rights to effective counsel were denied, rendering my custody unlawful, and in violation of the U.S. Constitution.
> **Supporting Facts:**  My co-defendant's brother-in-law was also our attorney. This information was concealed from the trial court.  My attorney recommended that I plead guilty and receive a fifteen year sentence, in order to lock in a plea agreement for my co-defendant to receive a five year sentence, which was later reduced to a three year sentence.

**Ground Three:**  My Sixth and Fourteenth Amendment rights to effective counsel were denied, making my custody unlawful, and in violation of the U.S. Const.
> **Supporting Facts:**  Counsel rendered ineffective assistance, violating my due process rights, when he: (1) gave erroneous parole advice; (2) failed to require the trial court to state the maximum and minimum sentence range; (3) enumerate the crucial elements of the charged offense; and (4) require the trial court to establish a factual basis for my guilty plea.

(<u>See</u> Pet., Docket Entry 1.)

## DISCUSSION

**A.    Summary Judgment Standard**

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  Rule 56(c) mandates entry of summary judgment "against a party

who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## B.    Habeas Corpus Standard of Review

### 1.    Generally

In accordance with § 2254, claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of

the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 410 (2000); see also Humphries v. Ozmint, 397 F.3d 206 (4th Cir. 2005); McHone v. Polk, 392 F.3d 691 (4th Cir. 2004). Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### 2.    Exhaustion Requirement

A habeas corpus petitioner may obtain relief in federal court only after he has exhausted his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may consider only those issues which have been properly presented to the highest state courts with jurisdiction to decide them. Generally, a federal habeas court should not review the merits of claims that would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules. Lawrence v. Branker, 517 F.3d 700, 714 (4th Cir. 2008); Longworth v. Ozmint, 377 F.3d 437 (4th Cir. 2004); see also Coleman v. Thompson, 501 U.S. 722 (1991). For a procedurally defaulted claim to be properly considered by a federal habeas court, the petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

**C.  Cudd's Claims of Ineffective Assistance of Counsel**

All of the grounds Cudd raises in the instant Petition center around his claim that he was unconstitutionally denied effective assistance of counsel.  A defendant has a constitutional right to the effective assistance of counsel.  Williams v. Florida, 465 U.S. 1109, 1111 n.5 (1984).  To demonstrate ineffective assistance of counsel, a petitioner must show, pursuant to the two-prong test enunciated in Strickland v. Washington, 466 U.S. 668 (1984), that (1) his counsel was deficient in his representation and (2) he was prejudiced as a result.  Id. at 687; see also Williams v. Taylor, 529 U.S. 362, 391 (2000) (stating that "the Strickland test provides sufficient guidance for resolving virtually all ineffective-assistance-of-counsel claims").

To satisfy the first prong of Strickland, Cudd must show that trial counsel's errors were so serious that his performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment to the United States Constitution.  With regard to the second prong of Strickland, Cudd "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Strickland, 466 U.S. at 694.  Prejudice may be presumed when (1) a defendant is completely denied counsel at a critical stage of his trial, (2) counsel "entirely fails to subject the prosecution's case to a meaningful adversarial testing," or (3) "although counsel is available to assist the accused during trial, the likelihood that any lawyer, even a fully competent one, could provide effective assistance is so small that a presumption of prejudice is appropriate without inquiry into the actual conduct of the trial."  United States v. Cronic, 466 U.S. 648, 659 (1984).

To prevail on a claim of ineffective assistance of counsel in connection with a guilty plea, a petitioner must show that "trial counsel's performance fell below an objective standard of reasonableness and 'that there is a reasonable probability that, but for counsel's errors, he would not

have pleaded guilty and would have insisted on going to trial." Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)) (discussing the Strickland v. Washington standard to establish ineffectiveness of counsel in the context of a guilty plea).

### 1.      Ground One

Cudd's first ground for relief based on ineffective assistance of counsel contains two allegations.  First, he asserts that trial counsel was ineffective because he failed to challenge evidence obtained allegedly in violation of the Fourth Amendment through a suppression motion.  This issue was raised to and ruled on by the PCR court, which found that trial counsel was not ineffective because "a motion to suppress the evidence seized in the search would not have been successful." (App. at 140, Docket Entry 24-4 at 13.)  The PCR court concluded that, based on the facts and circumstances of the search, the motion would have failed because (1) the owner of the building consented to the search and had apparent authority to do so; (2) it was questionable whether Cudd had a legitimate expectation of privacy within the building searched; and (3) the initial search was conducted under exigent circumstances in light of the belief that chemicals were in the building and that the lessee of the building—Cudd's co-defendant—was unable to be reached and "may have been the victim of foul play." (Id.)  Therefore, the PCR court concluded that trial counsel's belief that a motion to suppress would have been unsuccessful was reasonable and Cudd was not prejudiced by that decision.  (App. at 140-41, Docket Entry 24-4 at 13-14.)

Upon thorough review of the record in this matter, the court finds that Cudd cannot demonstrate that the courts of South Carolina unreasonably misapplied clearly established federal law in rejecting this claim or that the PCR court made objectively unreasonable factual findings.  See Williams v. Taylor, 529 U.S. at 410; 28 U.S.C. § 2254(d)(2), (e)(1).  Cudd argues that the PCR court erred in determining that a motion to suppress would not have been successful, asserting that he had

a reasonable expectation of privacy in the warehouse that was searched. Cudd's argument, relying on Katz v. United States, 389 U.S. 347 (1967) and its progeny, fails to establish such an expectation.

"The burden rests on one who seeks to suppress to prove that his legitimate expectation of privacy has been violated by the challenged search." U.S. v. Bellina, 665 F.2d 1335, 1340 (4th Cir. 1981). While a guest of a lessee may have standing to challenge the search of an apartment, this legitimacy would not apply to "those who, by virtue of their wrongful presence, cannot invoke the privacy of the premises searched." Jones v. United States, 362 U.S. 257, 266-67 (1960) (overruled on other grounds by Simmons v. United States, 390 U.S. 377 (1968), and other cases); see also United States v. Saint-Brice, 1 Fed. Appx. 232, 234 (4th Cir. 2001) (unpublished) (noting that standing to challenge a search is not available to "those who, by virtue of their wrongful presence, cannot invoke the privacy of the premises searched" and that that portion of Jones "has not been questioned") (citing Jones, 62 U.S. at 267 and Rakas v. Illinois, 439 U.S. 128, 142, 143 n.12 (1978)). The facts and circumstances in this case unquestionably show that Cudd was "wrongfully present" at the warehouse. Cudd's co-defendant leased the storage building[3] from Mr. Dantzler. (App. at 8, Docket Entry 24-2 at 10.) There is no indication that Cudd was a party to that lease, and trial counsel testified at the PCR hearing that the lease specifically prohibited anyone from living at the warehouse. (App. at 92-93, Docket Entry 24-3 at 16-17.) Cudd argues that, since he had been living at the warehouse for over three months, he had an expectation of privacy in the warehouse; however, this was clearly a violation of the terms of the lease. (App. at 33-34, 37-38, Docket Entry 24-2 at

---

[3]It is this storage building that Cudd refers to as his "dwelling."

35-36, 39-40.) Accordingly, Cudd was wrongfully present at the warehouse and had no standing to challenge the search.[4]

For the foregoing reasons, Cudd has failed to show that a motion to suppress the evidence found as a result of the initial search would have been successful. Therefore, Cudd cannot demonstrate that trial counsel was deficient in not moving to suppress the evidence, or that he was prejudiced as a result of trial counsel's decision not to move to suppress the evidence. Accordingly, Cudd cannot meet the standard enunciated under Strickland and Burket. Strickland, 466 U.S. at 687; Burket, 208 F.3d at 189.

In Ground One, Cudd also asserts that trial counsel was ineffective because he failed to investigate the facts surrounding the alleged warrantless search of Cudd's dwelling by the police. Cudd arguably raised this issue in his amended and second amended PCR applications. However, this issue was not ruled upon by the PCR court and Cudd's motion to alter or amend the judgment did not include any request for a ruling with regard to this issue. Therefore, this issue would not have been preserved for appeal. See Marlar v. State, 653 S.E.2d 266, 267 (S.C. 2007) (holding that issues must be raised to and ruled on by the PCR judge to be preserved for appellate review); Rule 59(e), SCRCP (providing avenue for any party to move to alter or amend a judgment). Accordingly, this claim of ineffective assistance of counsel is procedurally barred from federal habeas corpus review, as Cudd has not properly exhausted this claim and the merits of this claim would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules. Lawrence, 517 F.3d at 714; Longworth, 377 F.3d 437.

---

[4]The respondent further agues, and the court agrees, that even if even if Cudd was not wrongfully present, there was never any probative evidence presented that he had a legitimate expectation of privacy to any area of the warehouse other than the front area where he was sleeping. (See generally Resp.'s Mem. Supp. Summ. J. at 24, Docket Entry 24 at 24.)

Cudd argues that this claim should be considered on the merits, apparently alleging cause and actual prejudice for procedurally defaulting on this claim. "Cause" ordinarily requires "some objective factor external to the defense [that] impeded counsel's efforts to comply with the State's procedural rule." Strickler v. Greene, 527 U.S. 263, 283 n.24 (1999) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)). In support of his assertion that there is cause for procedurally defaulting on these claims, Cudd argues that the attorney who represented the state in his PCR case only provided copies of the proposed PCR order to the PCR court and his PCR counsel, and that Cudd did not receive it until after the deadline for objections expired. Cudd contends that had he been provided a copy of the proposed order, he would have preserved this claim through his own motion to alter or amend. Cudd also argues that PCR counsel "forewent a meritorious claim against the known wishes of his client." (Docket Entry 33 at 14.) Accordingly, it essentially appears that Cudd is arguing that his PCR counsel was ineffective. However, "there is no constitutional right to an attorney in state post-conviction proceedings." Coleman, 501 U . S. at 752. Accordingly, there can be no right to effective assistance of counsel where there is no constitutional right to counsel. Wainright v. Torna, 455 U.S. 586 (1982). Since there is no right to effective assistance of counsel in state PCR proceedings, ineffective assistance of counsel cannot serve as cause for Cudd's default. Coleman, 501 U.S. at 753-55; see also Sidebottom v. Delo, 46 F.3d 744, 751 (8th Cir. 1995) (stating that the failure of a petitioner's PCR counsel to preserve grounds for appeal cannot constitute cause); Caswell v. Ryan, 953 F.2d 853, 862 (3d Cir. 1992) ("Ineffectiveness of counsel does not provide sufficient cause to excuse procedural default when counsel is not constitutionally mandated."). Accordingly, Cudd has failed to demonstrate cause for the procedural default. See Coleman, 501 U.S. at 750.

Even if this claim were considered on the merits, at the PCR hearing, trial counsel testified that he investigated the search and discussed the discovery he received relating to the matter with Cudd. (App. at 78-79; 97-98; 111; Docket Entry 24-3 at 2-3, 21-22.) Cudd has presented neither a basis in the record nor evidence to support a finding that trial counsel failed to investigate the facts surrounding the search of the warehouse or that further investigation by trial counsel would have availed Cudd.

Accordingly, Cudd's first ground for relief does not warrant habeas corpus relief.

**2.      Ground Two**

Cudd's second ground for relief based on ineffective assistance of counsel essentially asserts that a conflict of interest existed due to the fact that his trial counsel also represented the co-defendant and was the co-defendant's brother-in-law. Cudd asserts that the trial court was unaware of this and that, upon recommendation of trial counsel, Cudd "ple[]d guilty and receive[d] a fifteen year sentence, in order to lock in a plea agreement for [Cudd's] co-defendant to receive a five year sentence, which was later reduced to a three year sentence." (Pet., Docket Entry 1 at 6.)

"A criminal defendant's Sixth Amendment right to effective assistance of counsel includes a right to counsel unhindered by conflicts of interest." Mickens v. Taylor, 240 F.3d 348, 355 (4th Cir. 2001). Ineffective assistance of counsel based on a conflict of interest "presents a special case" with specific standards. Id. "To establish ineffective assistance of counsel on conflict of interest grounds, a petitioner must establish that (1) his attorney labored under 'an actual conflict of interest' that (2) 'adversely affected his lawyer's performance.' " Id. (citing Cuyler v. Sullivan, 446 U.S. 335, 348 (1980). If this test is satisfied, then prejudice is presumed. Id.

"An actual conflict exists when the defendants' interests diverge with respect to a material factual or legal issue or to a course of action." Wilson v. Moore, 178 F.3d 266, 280 (1999). A

potential conflict of interest is insufficient, as "joint representation does not amount to a per se constitutional violation." Id. To show that the conflict of interest adversely affected counsel's performance, the petitioner must demonstrate that "the attorney took action on behalf of one client that was necessarily adverse to the defense of the other or failed to take action on behalf of one because it would adversely affect the other." Id.

Based on a review of the record and the filings, Cudd has failed to satisfy this test. At the plea hearing, the court specifically informed Cudd that he was entitled to a different attorney because his trial counsel also represented his co-defendant. (App. at 7-8, Docket Entry 24-2 at 9-10.) The court then asked Cudd if he wanted to keep his current trial counsel or be appointed a new one. Cudd elected to keep his current counsel. (Id.) The PCR court found that not only was Cudd aware of the conflict, but also that he specifically waived his right to have other counsel appointed to him on the record in front of the plea judge. (App. at 141, Docket Entry 24-4 at 14.) During the PCR hearing, Cudd admitted that he knew that trial counsel represented his co-defendant and that trial counsel was his co-defendant's brother-in-law. (App. at 39, Docket Entry 24-2 at 41.)

As stated above, the state court's findings are entitled to a presumption of correctness, and a petitioner must rebut that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Moreover, Cudd does not appear to dispute these facts; rather he disputes the PCR court's ultimate conclusion. There is no indication that Cudd's waiver of the conflict was not a valid waiver. As such, Cudd's waiver "bars any later claim of ineffective assistance growing from that conflict." United States v. Lowry, 971 F.2d 55 (7th Cir. 1992).

Even assuming that Cudd could establish that the waiver was not voluntary and he could establish that an actual conflict existed, Cudd cannot demonstrate that the conflict of interest adversely affected counsel's performance. Cudd argues that the plea deal benefitted his co-defendant

more than it benefitted him. Further, Cudd asserts that the plea deal was contingent on both defendants' acceptance and that, if the plea deal was not accepted by both defendants, his co-defendant would have been more "exposed" to a harsher indictment than Cudd because Cudd had a "winning" Fourth Amendment argument. In support of this argument Cudd acknowledges that, due to a scrivener's error, he and his co-defendant were indicted for manufacturing rather than trafficking in marijuana. Cudd states that, if the plea deal fell through, then the solicitor would have sought to re-indict both defendants under trafficking, which carries a harsher sentence. However, as discussed above, Cudd failed to demonstrate that a motion to suppress based on an alleged Fourth Amendment violation would have been successful. Moreover, upon questioning by the plea court, Cudd denied that his trial counsel had failed to do something that Cudd wished he had done, (App. at  6-7, Docket Entry 24-2 at 8-9); acknowledged that his attorney had secured an agreement in which the solicitor would recommend a fifteen-year sentence, (App. at 4-5, 7, 110, Docket Entry 24-2 at 6-7, 9 and Docket Entry 24-3 at 34); and acknowledged that he was neither threatened nor promised anything in return for his guilty plea, (App. at 6, Docket Entry 24-2 at 8). Accordingly, Cudd's argument is without merit.

For the foregoing reasons, Cudd is not entitled to federal habeas relief on this ground.

**3.      Ground Three**

Cudd's third ground for relief based on ineffective assistance of counsel also asserts that his due process rights were violated and contains four allegations. He asserts that trial counsel was ineffective and his due process rights were violated because (1) counsel gave erroneous parole advice; (2) counsel failed to require the trial court to state the maximum and minimum sentence range; (3) counsel failed to enumerate the crucial elements of the charged offense; and (4) counsel failed to require the trial court to establish a factual basis for Cudd's guilty plea.

### a.      Procedural Bar

With regard to Cudd's allegation surrounding trial counsel's alleged erroneous parole advice, Cudd arguably raised this contention at his PCR hearing; however it was not specifically ruled on by the PCR court.  While counsel filed a motion to alter or amend the judgment, he merely requested that the PCR make a factual finding that the issue was presented; he did not request the PCR court to rule on the issue.  (See App. at 146-48, Docket Entry 24-4 at 19-21.)  With regard to his allegation that trial counsel failed to enumerate the crucial elements of the charged offense, the PCR court acknowledged that Cudd raised this issue; however, the PCR court did not rule on it in its order and Cudd's motion to alter or amend did not request that the PCR court rule on this issue.  Therefore, these issues would not have been preserved for appeal.  See Marlar v. State, 653 S.E.2d 266, 267 (S.C. 2007) (holding that issues must be raised to and *ruled on* by the PCR judge to be preserved for appellate review); Rule 59(e), SCRCP (providing avenue for any party to move to alter or amend a judgment).  Accordingly, these claims of ineffective assistance of counsel are procedurally barred from federal habeas corpus review, as Cudd has not properly exhausted these claims and the merits of these claims would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules.  Lawrence, 517 F.3d at 714; Longworth, 377 F.3d 437.  Cudd has not demonstrated—or even alleged—sufficient cause for the default and resulting prejudice, or that a fundamental miscarriage of justice will occur by failing to consider these claims.  See Coleman, 501 U.S. at 750.

### b.      Parole Advice

Even considering the merits of this claim, Cudd is not entitled to federal habeas relief.  The PCR court found trial counsel's testimony to be credible and found Cudd's testimony was not credible.  That finding is entitled to deference.  Cagle v. Branker, 520 F.3d 320, 324 (4th Cir. 2008)

("But for a federal habeas court to overturn a state court's credibility judgments, the state court's error must be stark and clear."). The PCR court noted that trial counsel testified he informed Cudd that he would need to serve at least 85% of his sentence before he would be eligible for parole, which is supported by the record. (App. at 138-39, Docket Entry 24-4 at 11-12; see also App. at 97-98, 101, 111, Docket Entry 24-3 at 21-22, 25, 35.) As noted above, a court cannot set aside the factual findings of the state court unless they are objectively unreasonable. 28 U.S.C. § 2254(d)(2). The state court's findings are entitled to a presumption of correctness, and a petitioner must rebut that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Cudd maintains that this determination was an error. He asserts that he was told he would be eligible for parole. Cudd further relies on his co-defendant's testimony at the PCR hearing and what his mother would have testified to if her testimony on this issue had been permitted. His co-defendant testified that "I believe at that time that I was told that we would both be eligible for parole, but I cannot tell you that exactly because again, I was scared to death." (App. at 118, Docket Entry 24-3 at 42.) Based on a review of the record, Cudd cannot show that the PCR court's findings were objectively unreasonable and further cannot demonstrate that trial counsel's performance fell below an objective standard of reasonableness. Accordingly, Cudd cannot meet the standard enunciated under Strickland and Burket. Strickland, 466 U.S. at 687; Burket, 208 F.3d at 189.

### c. Sentence Range

Cudd argues that trial counsel failed to require the trial court to state the maximum and minimum sentence range. At the beginning of the plea hearing, the trial judge and the solicitor discussed the minimum and maximum sentences Cudd was facing for the charged offense. Specifically, the solicitor stated twice that the minimum was five years, which the court repeated, and stated twice that the maximum was twenty years. (App. at 4-5, Docket Entry 24-2 at 6-7.)

During the plea the trial judge asked Cudd, "You already know what I could give you. Knowing all of that, are you pleading guilty freely and voluntarily?" (App. at 7, Docket Entry 24-2 at 9.) Cudd responded, "Yes, sir." (Id.) Based on these statements, Cudd cannot show that trial counsel's performance fell below an objective standard of reasonableness or that he was prejudiced. Accordingly, Cudd cannot meet the standard enunciated under Strickland and Burket. Strickland, 466 U.S. at 687; Burket, 208 F.3d at 189.

### d. Elements of the Charge

During the guilty plea, the trial judge asked trial counsel whether he explained the charges to him and if he believed that Cudd understood the charges. Trial counsel responded in the affirmative to both questions. (App. at 5, Docket Entry 24-2 at 7.) In support of this claim, Cudd points to the fact that the elements were not presented on the record in the plea hearing and his own self-serving statements at the PCR hearing that trial counsel did not explain the elements of the charges. However, the PCR court found Cudd's testimony not credible. Further, the PCR court noted that trial counsel testified that Cudd never denied his involvement in the charges and found that Cudd's guilty plea was knowingly and voluntarily made. Cudd's self-serving statements, without more, are insufficient show that trial counsel's performance fell below an objective standard of reasonableness or that he was prejudiced. Accordingly, Cudd cannot meet the standard enunciated under Strickland and Burket. Strickland, 466 U.S. at 687; Burket, 208 F.3d at 189.

### e. Factual Basis

Finally, Cudd contends that the trial court failed to establish a factual basis for accepting his guilty plea. Cudd argues that if a factual basis had been established, he would not have plead guilty. During the plea hearing, the solicitor recited the facts of this case. Cudd was found sleeping in a warehouse that was leased by his co-defendant. Upon a search of the building, the police discovered

303 marijuana plants, two trash bags of loose leaves of marijuana, six transformers with timers, eight grow lamps, a binder containing marijuana growing information, a nexus scale, a cell phone with a charger, Cudd's passport, Cudd's driver's license, numerous vacuum sealed bags of food saver heat sealer seized in small bags and bottles, and a travel bag. (App. at 10, Docket Entry 24-2 at 12.) The solicitor further stated that Cudd admitted involvement. (App. at 11, Docket Entry 24-2 at 13.)

Cudd pled guilty to Manufacturing Marijuana—Third Offense. Under S.C. Code Ann. § 44-53-110, "manufacture" is defined as

> the production, preparation, propagation, compounding, conversion, or processing of a controlled substance, either directly or indirectly by extraction from substances of natural origin, or independently by means of chemical synthesis, or by a combination of extraction and chemical synthesis, and includes any packaging or repackaging of the substance or labeling or relabeling of its container.[5]

Cudd now argues that the facts demonstrate only that he was in the area where the marijuana was discovered and that is insufficient. The court disagrees. Based on the facts presented to the trial court, there was a sufficient factual basis to accept Cudd's guilty plea. Accordingly, Cudd cannot demonstrate that trial counsel was ineffective on this basis. Strickland, 466 U.S. at 687; Burket, 208 F.3d at 189.

Therefore, Cudd is not entitled to federal habeas relief on this ground.

## RECOMMENDATION

For the foregoing reasons, the court recommends that the respondents' motion for summary judgment (Docket Entry 23) be granted.

---

[5]This definition is subject to two exceptions; however, neither apply in this case.

**ORDER ON MOTION FOR EXTENSION OF TIME**

Cudd has, in advance of the court's issuance of a Report and Recommendation, requested additional time to file objections to the Report and Recommendation with the district judge. That motion (Docket Entry 36) is granted in part. Cudd shall file his objections, if any, with the district judge **on or before <u>September 4, 2009</u>**.

**IT IS SO ORDERED.**

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

August 11, 2009
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the district judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Generally, specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). However, based on the court's ruling granting in part the petitioner's motion for an extension of time to file objections to the Report and Recommendation, Cudd must filed his objections **on or before September 4, 2009**. Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).