UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| WILLIAM A. CUDD, | C/A No: 0:08-2421-RBH |
| Petitioner, | |
| v. | **ORDER** |
| JON OZMINT, DIRECTOR; SOUTH CAROLINA DEPARTMENT OF CORRECTIONS; CUSTODIAN UNION COUNTY DETENTION CENTER | |
| Respondents. | |

## Introduction

The Petitioner, William A. Cudd, who is currently incarcerated at the Union County Detention Center and proceeding *pro se*, brought this habeas corpus action before the court pursuant to 28 U.S.C. § 2254. In his federal petition for a writ of habeas corpus, the petitioner raised three different grounds asserting that he was unconstitutionally denied effective assistance of counsel.

Pending before this court is Respondents' [Docket Entry # 23] motion for summary judgment in this matter along with the Report and Recommendation [Docket Entry # 40] of Magistrate Judge Paige J. Gossett which was filed on August 11, 2009.[1] The Magistrate Judge recommended that summary judgment be granted in favor of the Respondents. Petitioner timely filed objections [Docket Entry # 42] to the Magistrate Judge's Report and Recommendation on September 3, 2009.

---

[1] Pretrial proceedings in this case were originally assigned to Magistrate Judge George C. Kosko pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC. The case was subsequently re-assigned to Magistrate Judge Paige J. Gossett.

**Background**

Petitioner pled guilty on December 3, 2001 to manufacturing marijuana. Since it was his third drug-related offense, the circuit court sentenced the Petitioner to fifteen years' imprisonment. The Petitioner did not file a direct appeal.

Petitioner filed the current petition for habeas corpus on July 8, 2008. In his petition, he alleged three different grounds centered around his claim that he was unconstitutionally denied effective assistance of counsel. In Ground One of his petition, Petitioner asserts two allegations. He contends that his trial counsel was ineffective in that counsel failed to challenge evidence obtained allegedly in violation of the Fourth Amendment and also that he failed to investigate the facts surrounding the alleged warrantless search of Petitioner's dwelling by the police.

In Ground Two, Petitioner essentially asserts that a conflict of interest arose as a result of his trial counsel's joint representation of Petitioner and his co-defendant. Although Petitioner consented to the joint representation, Petitioner contends that when he consented to the joint representation he was unaware of the fact that his trial counsel was also the co-defendant's brother-in-law and that this relationship would adversely affect his defense. Petitioner contends that upon his trial counsel's advice, he pled guilty and received a fifteen year sentence in order to secure a more favorable sentence for his co-defendant (trial counsel's brother-in-law).

Lastly, in Ground Three, Petitioner alleges that his due process rights were violated and raises four allegations to support his claim. He asserts that trial counsel (1) gave erroneous parole advice; (2) failed to require the trial court to state the maximum and minimum sentence range; (3) failed to enumerate the crucial elements of the charged offense; and (4) failed to require the trial court to establish a factual basis for his guilty plea.

**Standard of Review**

The Magistrate Judge only makes a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1) (2006). The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. Id. However, the district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982).

**Discussion**

Under 28 U.S.C. § 2254(d), a district court may only grant federal habeas relief for state prisoners when state court proceedings:

1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); see also Evans v. Smith, 220 F.3d 306, 312 (4th Cir. 2000) (Federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it resulted in

a decision that was contrary to, or involved an unreasonable application of, clearly established federal law or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented).

To obtain relief on a claim for ineffective assistance of counsel, the Petitioner must demonstrate that (1) counsel's performance was so deficient that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment; (2) the deficient performance prejudiced the defense; and (3) specific acts or omissions of counsel were not the result of reasonable professional judgment. Strickland v. Washington, 466 U.S. 668, 687 (1984). There is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance, and the court must be highly deferential in scrutinizing counsel's performance. Id. at 688-89. To satisfy the first prong of the Strickland analysis, the Petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. With regard to the second prong, the Petitioner must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A "reasonable probability" is probability sufficient to undermine confidence in the outcome. Jeffers v. Leeke, 835 F.2d 522, 525 (4th Cir. 1987).

In the context of a guilty plea, to prevail on an ineffective assistance of counsel claim a Petitioner must show "trial counsel's performance fell below an objective standard of reasonableness and 'that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.' " Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)). With this framework in mind, we turn to Petitioner's grounds for relief.

## I. First Ground

In Ground One of his petition, Petitioner asserts that his trial counsel was ineffective for failing to challenge evidence obtained allegedly in violation of the Fourth Amendment and also that he failed to investigate the facts surrounding the alleged warrantless search of Petitioner's dwelling. First, it should be noted that Petitioner's so-called "dwelling" was actually a warehouse being leased by Petitioner's co-defendant and the lease itself prohibited anyone from living in the warehouse. The Magistrate Judge looked to Petitioner's "wrongful presence" at the warehouse as to why he did not have standing to challenge the initial search of the warehouse. From the facts surrounding the case, it is apparent that Petitioner was in fact, wrongfully present as he was not a party to the lease. His attempt to make the warehouse his dwelling was a direct violation of the lease agreement because the lease specifically prohibited anyone from living at the warehouse. The Magistrate determined that Petitioner could not meet the standard enunciated in Strickland and Burket and therefore could not prove that the state Post Conviction Relief ("PCR") court unreasonably applied federal law in rejecting Petitioner's claim that trial counsel was ineffective for failing to challenge the search of the warehouse.

In his objections, Petitioner asserts that the Magistrate erred in making this determination because (1) the owner of the Petitioner's dwelling did not have apparent authority to consent to the search of the premises; (2) the petitioner had "standing" to challenge the search; and (3) the exigent circumstances claimed by the police were pre-textual. To support his argument, he contends that the Magistrate failed to consider the holding of Katz v. United States, 389 U.S. 347 (1967), and this failure to consider Supreme Court case law as applied to him was unreasonable. After an objective review of the record, it is apparent that Petitioner did not have a reasonable expectation of privacy in

5

the warehouse. The thrust of the Supreme Court's decision in Katz is that the Fourth Amendment protects people not places. Id. at 351. As the Magistrate correctly noted, since Petitioner was wrongfully present, he does not have standing to challenge the search of the warehouse as he cannot demonstrate that he had a reasonable expectation of privacy. Petitioner's reliance on Katz and its progeny does not establish his expectation of privacy.

The owner of the warehouse did have the apparent authority to consent to a search because the lessee was nowhere to be found and he was concerned because of the possibility of "dangerous chemicals" being inside the building. The objection regarding the exigent circumstances being pre-textual is without merit. Because Petitioner had no expectation of privacy in the warehouse and no legal basis to challenge the search, he cannot demonstrate that the state PCR court's rejection of Petitioner's ineffective assistance of counsel claim was contrary to, or an unreasonable application of, clearly established federal law. See 28 U.S.C. § 2254(d) (2006).

With regard to the second issue under ground one, the Magistrate determined that Petitioner's claim was procedurally barred from federal habeas corpus review as he has not properly exhausted his claim under state procedural rules. Petitioner asserts that trial counsel was ineffective because he failed to investigate the facts surrounding the alleged warrantless search of Petitioner's dwelling by the police. This issue was not ruled upon by the PCR court and Petitioner's motion to alter or amend did not include any request for a ruling in regard to the issue, therefore it was not preserved for appeal. Petitioner further alleges cause and prejudice as a reason for procedurally defaulting on his claim. However, the Magistrate correctly noted that the Petitioner seemed to allege ineffective assistance of PCR counsel as the reason for his procedural default. "[T]here is no constitutional right to an attorney in state post-conviction proceedings." Coleman v. Thompson, 501

U.S. 722, 752 (1991). Consequently, Petitioner cannot rely on the ineffectiveness of his PCR counsel as a basis to excuse his procedural default of this claim. See id. at 752-54.

In his objections, Petitioner alleges that his procedural default should be attributed to the State for failing to timely provide a copy of the final order to him. He asserts that had he been personally provided with the order he would have submitted a *pro se* motion to alter or amend which would have included the omitted claim. However, Petitioner has failed to identify any duty on the part of the State to personally provide him with a copy of the PCR court's final order. Petitioner's PCR counsel timely received a copy of the final order and, indeed, timely filed a Rule 59(e) motion to alter or amend. The South Carolina Uniform Post-Conviction Relief Act, S.C. Code Ann. §§ 17-27-10 - 17-27-160 (2003), does not require that a PCR applicant be personally served with a final order of dismissal when that PCR applicant is represented by counsel.

Furthermore as the Magistrate explained, and this court agrees, even if his claim were considered on the merits Petitioner would not be able to establish that his trial counsel was constitutionally ineffective. Trial counsel testified that he investigated the search and discussed all of the discovery he received relating to the matter with Petitioner and that there was no legal basis to challenge the search. Trial counsel's investigation into the matter revealed that Petitioner was not permitted to reside in the warehouse and had no expectation of privacy on the premises.[2] As trial counsel reasonably concluded there was no legal basis to challenge the search, Petitioner has failed

---

[2] In its Order of Dismissal, the PCR court made a credibility determination and found that Petitioner's testimony was not credible. It further found that trial counsel's testimony was credible and afforded it great weight. Credibility determinations such as these are factual determinations by the PCR court and as such, they are presumed to be correct absent clear and convincing evidence to the contrary. See 28 U.S.C. § 2254(e)(1) (2006); See also Wilson v. Ozmint, 352 F.3d 847, 858-60 (4th Cir. 2003).

to establish that his trial counsel was constitutionally ineffective for failing to investigate the facts surrounding the search of the warehouse.

In conclusion, Petitioner's objections with regard to Ground One are overruled. The state PCR court's rejection of Petitioner's claim that his trial counsel was ineffective for failing to investigate and challenge the search of the warehouse was not contrary to, or an unreasonable application of, clearly established federal law as interpreted by the United States Supreme Court. Nor was the PCR court's rejection of Petitioner's claim based on an unreasonable determination of the facts in light of the evidence presented in the state PCR proceeding.

**II. Second Ground**

Petitioner alleges that a conflict of interest existed because his trial counsel represented the co-defendant and was also the co-defendant's brother-in-law. He claims that this had an adverse effect on his defense. In her report, the Magistrate recommended that Petitioner be denied federal habeas relief on this ground because he essentially waived any right to a claim and additionally, if addressed on the merits, he cannot prove that the conflict adversely affected his trial counsel's performance.

"The attorney-client relationship begets a duty of loyalty-one that requires the attorney to remain free from conflicts of interest." Stephens v. Branker, 570 F.3d 198, 208-09 (4th Cir. 2009) (citing Stickland, 466 U.S. at 688). Yet, in Cuyler v. Sullivan, the Supreme Court recognized that certain potential conflicts of interest may not contravene the duty of loyalty. 446 U.S. 335, 350 (1980). "To establish ineffective assistance of counsel on conflict of interest grounds, a petitioner must establish that (1) his attorney labored under 'an actual conflict of interest' that (2) 'adversely affected his lawyer's performance.' " Mickens v. Taylor, 240 F.3d 348 (4th Cir. 2001) (citing

8

Cuyler, 446 U.S. at 348). To satisfy the first prong of this test a Petitioner "must show that [his] interests 'diverge[d] [from his attorney's] with respect to a material factual or legal issue or to a cause of action.' " Stephens, 570 F.3d at 209 (citing Gilbert v. Moore, 134 F.3d 642, 652 (4th Cir. 1998) (en banc) (quoting Cuyler, 446 U.S. at 336 n. 3) (Marshall, J., concurring in part and dissenting in part)). In moving to the second prong, in order to establish that the conflict of interest compromised counsel's performance, counsel must have taken action for one client that is adverse to the other or failed to take action for one client because of a fear for the other. See Stephens, 570 F.3d at 209.

Petitioner has failed to come forth with sufficient evidence to meet this standard. First, as a threshold matter, Petitioner waived his right to have new counsel appointed at the plea hearing and he did so knowingly, intelligently and voluntarily. It is well established that, "[A]lthough a defendant may waive his right to conflict-free representation, such waiver must be knowing, intelligent and voluntary." United States v. Brown, 202 F.3d 691, 697 (4th Cir. 2000) (quoting United States v. Gilliam, 975 F.2d 1050, 1053 (4th Cir. 1992) (citations and quotations omitted)). Not only did the Petitioner waive his right to have new counsel appointed at the plea hearing, [App. at 7-8, Docket Entry # 24-1 at 9-10], but at that time he was fully aware of the relationship that existed between the co-defendant and his trial counsel. [App. at 39, Docket Entry # 24-1 at 41]. The Petitioner waived his right to conflict-free representation.

Second, if Petitioner could somehow prove that his waiver was not knowingly, intelligently and voluntarily made, his argument fails on the merits because he cannot demonstrate that the conflict of interest adversely affected counsel's performance. Petitioner admits he knew that due to a scrivener's error he was indicted for manufacturing marijuana as opposed to trafficking in

marijuana. Had his plea deal fallen through, the solicitor would have sought to re-indict him for trafficking in marijuana which carries a harsher sentence and as stated above, his Fourth Amendment motion to suppress the evidence would not have been successful at trial. The Petitioner was sentenced to more prison time than the co-defendant because this was his third drug-related offense, not because his counsel was the co-defendant's brother-in-law.[3]

After considering Petitioner's objections and due to the reasons above, the Petitioner cannot demonstrate that the conflict of interest affected his Sixth Amendment right to representation and therefore he is not entitled to habeas relief on this ground. Accordingly, the state PCR court's rejection of Petitioner's conflict of interest claim was not contrary to, or an unreasonable application of, clearly established federal law, nor was it based on an unreasonable determination of the facts in light of the evidence presented.

**III. Third Ground**

Petitioner raises four allegations that his trial counsel was ineffective and his due process rights were violated in that trial counsel (1) gave erroneous parole advice; (2) failed to require the trial court to state the maximum and minimum sentence range; (3) failed to enumerate the crucial elements of the charged offense; and (4) failed to require the trial court to establish a factual basis for his guilty plea. The Magistrate recommended that Petitioner be denied relief on each of the four claims and this court agrees with her determination.

After a review of the record, in regard to issues (1) and (3), Petitioner is barred procedurally from seeking habeas relief in this court. The PCR court did not rule on issue (1) regarding

---

[3] The co-defendant had no prior criminal record before this incident.

erroneous parole advice. In his motion to reconsider, Petitioner only asked the court to make a factual finding that the issue was presented by his counsel, he did not request the court to determine whether it was erroneous. [App. at 148, Docket Entry # 24-3 at 21]. The PCR court denied Petitioner's motion to reconsider on the issues he presented and held that the issues had properly been addressed from the evidence given at the PCR hearing. [App. at 154, Docket Entry # 24-3 at 27], [App. at 143, Docket Entry # 24-3 at 16]. It should be noted that the PCR court made a credibility determination in regards to the testimony of trial counsel and Petitioner and found that trial counsel's testimony was more credible on this issue. As such, the PCR court's determination is entitled to deference. The Magistrate further explained that if this issue was considered on its merits, it would fail because the Petitioner has not brought evidence forward to prove that the findings of fact by the state court are objectively unreasonable and that trial counsel's performance fell below the objective standard of reasonableness found in Strickland and Burket. See Strickland, 466 U.S. at 687; Burket, 208 F.3d at 189.

With regard to issue (3), the PCR court acknowledged that the issue was raised [App. at 138, Docket Entry # 24-3 at pg 11]; however, the court did not rule on that specific issue in its decision. In his motion to alter or amend, Petitioner did not request that the court reconsider and rule on this particular issue. [App. at 146-148, Docket Entry # 24-3 at 19-21]. Accordingly, this court agrees with the Magistrate that these claims have not been properly exhausted and they would be found to be procedurally defaulted under independent and adequate state procedural rules. See Lawrence v. Branker, 517 F.3d 700, 714 (4th Cir. 2008). Furthermore, Petitioner has not alleged a cause or any

resulting prejudice from the default and cannot demonstrate a fundamental miscarriage of justice will occur by failing to consider these claims.[4] See id. at 715.

With regard to issues (2) and (4), after reviewing the record and Petitioner's objections, he has failed to provide sufficient evidence as to how trial counsel's performance fell below the standard of reasonableness enunciated under Strickland and Burket. See Strickland, 466 U.S. at 687; Burket, 208 F.3d at 189. A review of the guilty plea transcript indicates that Petitioner was advised of the maximum and minimum sentence range [App. at 4-5, Docket Entry # 24-1 at 6-7], as well as the factual basis for supporting his guilty plea. [App at 8-10, Docket Entry # 24-1 at 10-12]. Petitioner proceeded to plead guilty after being aware of this information.

Accordingly, Petitioner's claims for relief in Ground Three are without merit.

## Conclusion

For the reasons stated above and by the Magistrate Judge, the court overrules Petitioner's objections and adopts and incorporates by reference the Report and Recommendation as modified [Docket Entry # 40] of the Magistrate Judge. Respondents' [Docket Entry # 23] motion for summary judgment is **GRANTED**. This case is hereby **DISMISSED with prejudice**.

**IT IS SO ORDERED**.


September 25, 2009            s/ R. Bryan Harwell
Florence, South Carolina            R. Bryan Harwell
           United States District Judge

---

[4] The Magistrate correctly noted that this claim would also fail on the merits as the PCR court found the Petitioner's testimony not credible. The Petitioner's self-serving statements, without more, are insufficient to show that trial counsel's representation fell below the objective standard of care.